**Kenneth PONDS**

v.

**Julius T. CUYLER, et al.**

**Civ. A. No. 81–4828.**

United States District Court,
E. D. Pennsylvania.

May 24, 1982.

Kenneth Ponds, pro se.

Mary E. Butler, Deputy Atty. Gen., Philadelphia, Pa., for defendants.

## MEMORANDUM

GILES, District Judge.

Before me is defendants' motion for summary judgment. Plaintiff, an inmate at the State Correctional Institution at Dallas, has filed this pro se complaint complaining of conditions while confined at the State Correctional Institution at Graterford ("Graterford"). He names as defendants Julius T. Cuyler, Superintendent at Graterford, and Robert Zahn, Jr., a corrections officer. Plaintiff alleges that he was charged with misconduct for accidentally hitting Zahn with a door and was thereafter confined to his cell for six days without a hearing. He further claims that he was not permitted to receive a visitor during the period of administrative confinement. He seeks compensatory and punitive damages.

Defendants have filed an unopposed motion for summary judgment contending that plaintiff was accorded the full panoply of procedural protections to which he was entitled, and that they are entitled to judgment as a matter of law.

Fed.R.Civ.Pro. 56 provides that summary judgment may be granted whenever the court determines that there is no genuine issue of material fact in dispute and that judgment is appropriate as a matter of law. Applying these standards to the undisputed facts described below, I find that defendants' motion for summary judgment must be granted.

As set forth in the uncontradicted affidavits and supporting papers filed by defendants, the facts are as follows. On November 10, 1981, while confined at Graterford, plaintiff was issued a Class 1 misconduct for insolence towards a staff member and assault as a result of an incident in which defendant Zahn was hit by the door pushed by plaintiff. On the same day, plaintiff was informed of the misconduct and was

placed in administrative custody, double lock feed-in status, pending the misconduct hearing scheduled for November 12, 1981.

On October 28, 1981, a state of emergency had been declared at Graterford due to a prison hostage crisis and the time limitations for the conduct of misconduct hearings were suspended until the state of emergency was officially lifted. This did not occur until noon, December 3, 1981. Due to the state of emergency, plaintiff's misconduct hearing scheduled for November 12, 1981 could not be held until November 19, 1981. At that time plaintiff was found guilty of the misconduct.

Throughout the period November 10 to 19, 1981, plaintiff remained in custody. On the evening of November 11, 1981, he was denied a visitor. Visitation hours under applicable prison regulations had ceased for the day. Internal prison regulations provide that inmates in restricted housing are not permitted visitors on holidays or after 3:00 p. m.

The administrative regulations governing the issuance of misconduct charges provide that an inmate shall be informed in writing of the charges against him and shall be given a specific date for a hearing within 1–6 days after receipt of notice. Bureau of Corrections Administrative Directive 801 ("BC–ADM 801"). The regulations further provide that an inmate charged with a Class 1 misconduct may be placed in close or maximum administrative custody upon approval of the officer in charge, based upon his assessment of the situation and the need for control pending a hearing. BC–ADM 801(IV)(B)(1).

Liberally construed, see *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiff's complaint alleges that his Fourteenth Amendment right to due process was violated because he was not given a hearing prior to his confinement in administrative custody and because he was improperly denied a visitor.

The standards against which plaintiff's claim must be measured are set forth in *Helms v. Hewitt*, 655 F.2d 487 (3d Cir. 1981), *cert. granted*, —— U.S. ——, 102 S.Ct. 1629, 71 L.Ed.2d 865 (1982). In that case, the Third Circuit held that an inmate has a state-created liberty interest in not being confined in administrative custody unless the regulatory criteria defining the classes of inmates subject to such custody are met. *Id.* at 492–97.

The court held that an inmate who is placed in administrative custody awaiting a disciplinary hearing must be afforded a hearing within a reasonable time of his initial confinement to determine whether he represents the type of risk warranting administrative detention. *Id.* at 500. If an inmate is given a disciplinary hearing within a reasonable time of his confinement, which adjudicates the inmate's guilt or innocence on the underlying misconduct charge, this will be dispositive of the propriety of any continuing administrative segregation. *Id.* In this case, plaintiff was given the prescribed disciplinary hearing within nine days of confinement. Thus, the question becomes whether this delay constituted a reasonable period of time within the meaning of *Helms v. Hewitt*.

Under the circumstances of this case, I find, as a matter of law, that plaintiff's hearing was held within a reasonable period of time. The uncontradicted affidavit of Robert Mauger, Deputy Superintendent at Graterford, establishes that a state of emergency was declared at Graterford from October 28, 1981, to December 3, 1981, such that the requirements of BC–ADM 801 had to be suspended. The administrative body which hears misconduct charges did not meet between October 29, 1981, and November 8, 1981. It reconvened on November 9, 1981 and began hearing misconducts in the sequence in which they occurred. The emergency caused a backlog of misconduct hearings which took approximately two weeks to correct. Defendants have established through the uncontradicted affidavit, that they made every effort to hear and dispose of the misconducts promptly, and that any delay was the result of a backlog caused by the suspension of BC–ADM 801 during the declared state of emergency. Thus, plaintiff's claim that he

was denied due process rights under the Fourteenth Amendment must fail and defendants are entitled to summary judgment.[1]

---

1. Having found no due process violation, I do not reach defendants' argument that plaintiff failed to state a claim against defendant Cuyler due to the absence of any allegation of direct and personal involvement by Cuyler. Likewise, since I have found that plaintiff's administrative confinement before his hearing did not violate due process, it necessarily follows that plaintiff was properly subject to prison regulations governing visitation of inmates during confinement. Thus, plaintiff's claim that he was improperly denied a visitor also fails to state a claim.